1  **STEPTOE & JOHNSON LLP**
2  CAROL BROPHY (155767)
   *cbrophy@Steptoe.com*
3  ANTHONY J. ANSCOMBE (135883)
   *aanscombe@Steptoe.com*
4  1 Market Street, Suite 1800
5  San Francisco, CA 94105
   Phone: (415) 365-6700
6
7  **STEPTOE & JOHNSON LLP**
8  MELANIE A. AYERH (303211)
   *mayerh@steptoe.com*
9  633 West Fifth Street, Suite 1900
10 Los Angeles, CA 90071-3033
   Telephone: (213) 439-9432
11 Facsimile: (213) 439-9599
12
13 Counsel for Defendant,
   Jarrow Formulas, Inc.
14

15            **UNITED STATES DISTRICT COURT**

16            **CENTRAL DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18  COLLIN SHANKS, on behalf of himself, all other similarly situated, and the general public, | Case No.: CV 18-9437 PA<br>Judge: Honorable Percy Anderson |
| 21              Plaintiff, | **DEFENDANT JARROW FORMULAS, INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL** |
| 22       vs. | |
| 24  JARROW FORMULAS, INC., | [Proposed Order filed concurrently herewith] |
| 25              Defendant. | |

27

28

---

**DEFENDANT JARROW FORMULAS, INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Central District of California Civil Local Rule 79-5 and the Protective Order, dated April 24, 2019 (ECF No. 29), Defendant Jarrow Formulas, Inc. ("JFI") respectfully submits this application for leave to file under seal unredacted copies of the following documents:

- The deposition testimony of Rory Lipsky taken on July 16, 2019 (pages 67:3-6; 67:18-20; 93:4-11; 93:14-15; 93:2-94:2), attached as **Exhibit A** to the declaration of Anthony J. Anscombe filed in support of Defendant's Opposition to Class Certification;

- The deposition testimony of Plaintiff Collin Shanks taken on July 25, 2019 (page 78:2-19), attached as **Exhibits D and S** to the declaration of Anthony J. Anscombe filed in support of Defendant's Opposition to Class Certification; and

- The expert report of Stephanie Plancich (page 2, ¶2(b); on pages 11-12, ¶¶24-25; page 15, ¶35), attached as **Exhibit R** to the declaration of Anthony Anscombe filed in support of Defendant's Opposition to Class Certification.

Defendant's filing redacts sensitive financial and proprietary information that is not already in the public record and which has been designated as "CONFIDENTIAL." The filing also redacts testimony that discloses personal identifiers of Plaintiff's minor children which Defendant neither cites to nor relies on in its Opposition. Counsel for Plaintiff has indicated that Plaintiff does not intend to oppose JFI's Application for Leave to File Documents Under Seal. (Ayerh Decl. ¶8.)

This Application is based on this Notice, the below Memorandum, the declarations of Rory Lipsky and Melanie A. Ayerh, and unredacted versions of the

1

**DEFENDANT JARROW FORMULAS, INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

exhibits to be filed under seal, highlighting the portions that have been omitted from the redacted documents.

## I.   <u>INTRODUCTION</u>

On April 24, 2019, the Court entered a Protective Order in this action. (ECF No. 29.) The Protective Order permits parties to designate as "Confidential" "trade secrets, proprietary information, and other highly confidential commercial information, or material required to be kept confidential by state or federal law" (ECF No. 1 ¶ 1), where "there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g)" (*Id.* ¶ 2). "The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as 'CONFIDENTIAL - ATTORNEY'S EYES ONLY.'" (*Id.* ¶ 8.) Under the Protective Order, the parties have agreed to apply to file such confidential information under seal. (*Id.* ¶ 10.)

## II.   <u>ARGUMENT</u>

Access to judicial records is not absolute. When ruling on a motion to seal court records, a "court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178-79 (9th Cir. 2006). "The common-law right of inspection has bowed before the power of a court to ensure that its records" do not "serve as ... sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

If the documents to be sealed are "more than tangentially related to the merits of the case," the applicant must demonstrate "compelling reasons" for sealing the documents. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1096, 1098 (9th Cir. 2016). The "compelling reasons" standard applies here. *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *3 (S.D. Cal. May 27, 2016); *see*

2

*also Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) ("[T]he Court finds that Plaintiffs' motion for class certification is more than tangentially related to the merits of the case, and that the compelling reasons standard applies."). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to ... release trade secrets." *Kamakana*, 447 F.3d at 1179 (emphasis added) (*quoting Nixon*, 435 U.S. at 598); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) ("The publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome this strong presumption."). The Ninth Circuit has adopted the Restatement's definition of "trade secret." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972). According to the Restatement, "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." Restatement (First) of Torts § 757, cmt. b.; *see, e.g.*, *In re Electronic Arts,* 298 Fed.Appx. 568, 569 (9th Cir. 2008) (district court had abused its discretion in refusing to seal "pricing terms, royalty rates, and guaranteed minimum payment terms" found in a license agreement because such information "plainly falls within the definition of 'trade secrets'").

Here, the confidentiality designations and proposed redactions as to specific portions of Exhibit A and R are necessary and appropriate and a denial of the Application to Seal will disadvantage JFI and potentially harm competition. (Ayerh Decl. ¶3; Lipsky Decl. ¶¶3-6.) As attested in the supporting declaration of Rory Lipsky and Melanie A. Ayerh, the redactions are necessary to protect sensitive and proprietary information regarding the finances and operations of JFI, as well as, third party confidential documents:

**DEFENDANT JARROW FORMULAS, INC.'S APPLICATION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

- Exhibit A sets forth testimony by Rory Lipksy regarding JFI's pricing and commercial strategies for coconut oil, which JFI treats as proprietary trade secret information and does not disclose to the general public. (Lipsky Decl. ¶¶3, 4, 5.)

- Exhibit R sets forth non-public information reflecting JFI's commercial strategies for pricing and confidential information regarding sales volumes. (Lipsky Decl. ¶¶3, 4, 6.) In addition, Exhibit R identifies data received from IRI MULO which was produced by pursuant to a confidentiality designation and must be sealed to protect the confidentiality of this third party. (Ayerh Decl. ¶¶2, 3.)

In addition, the proposed redactions as to specific portions of Exhibit D and S are necessary to protect the disclosure of personal identifiers of Plaintiff's minor children. Defendant neither cites to nor relies on that testimony in its Opposition motion. (Ayerh Decl. ¶4.)

## III.   **CONCLUSION**

Defendant respectfully requests that its Application for Seal be granted in its entirety.

DATED:  August 5, 2019                    STEPTOE & JOHNSON LLP


                                          By: /s/ Melanie A. Ayerh
                                              Carol Brophy
                                              Anthony J. Anscombe
                                              Melanie A. Ayerh

                                              Counsel for Defendant,
                                              Jarrow Formulas, Inc.

4

DC:13783857.1